OPINION.
{¶ 1} Appellant, Gary E. Dwyer, Jr., appeals from the trial court's decision denying his motion for post conviction relief. We affirm.
 {¶ 2} On April 19, 2000, appellant pled guilty pursuant to an information to one count of aggravated vehicular homicide in violation of R.C. 2903.06 and one count of aggravated vehicular assault in violation of R.C. 2903.08. Both charges contained specifications that appellant was under the influence of alcohol at the time of the offense.
 {¶ 3} By entry dated May 15, 2000, the trial court sentenced appellant to four years incarceration on the aggravated vehicular homicide charge and eighteen months incarceration for aggravated vehicular assault. The sentences were to run concurrently.
 {¶ 4} On June 13, 2000, appellant filed a direct appeal with this court. The transcript of the lower court proceedings was filed on July 24, 2000. In his direct appeal, appellant challenged only his sentence. We affirmed the lower court's decision in State v. Dwyer (Aug. 10, 2001), 11th Dist. No. 2000-L-090, 2001 Ohio App. LEXIS 3537.
 {¶ 5} Appellant sought review by the Supreme Court of Ohio on October 1, 2001. By entry dated December 5, 2001, the Ohio Supreme Court declined to exercise jurisdiction. See State v. Dwyer (2001),93 Ohio St.3d 1497.
 {¶ 6} On November 29, 2001, appellant filed a petition for post conviction relief pursuant to R.C. 2953.21. Appellant set forth two grounds in support of his petition: "[1.] The trial court failed to properly obtain a knowingly [sic] and intelligent waiver of the [d]efendant's constitutional and statutory right to have his case presented to the Lake County Grand Jury," and "[2.] The trial court erred by informing the [d]efendant of his constitutional right to trial but failing to obtain a sufficient and knowing waiver of those rights." The state opposed appellant's petition.
 {¶ 7} On December 28, 2001, the trial court denied, without a hearing, appellant's petition for post conviction relief. In its entry, the trial court found that appellant had failed to file his petition within the time set forth by R.C. 2953.21(A)(2) and failed to show that he fell within the exception for late filing established by R.C.2953.23(A). The trial court also found that, even had the petition been timely filed, appellant's claims were barred by the doctrine of res judicata.
 {¶ 8} Appellant then filed a motion for relief from judgment under Civ.R. 60(B).[1] Appellant filed this motion on January 28, 2002. The trial court denied appellant's motion for relief from judgment finding that appellant failed to show mistake, inadvertence, and excusable neglect, newly discovered evidence, or that he was entitled to relief under Civ.R. 60(B)(5). The trial court also found that appellant failed to demonstrate that he had a meritorious claim.
 {¶ 9} Appellant brings the instant appeal setting forth three assignments of error:
 {¶ 10} "[1.] The trial court erred, to the prejudice of the defendant-appellant, by denying the defendant-appellant's petition for post-conviction relief.
 {¶ 11} "[2.] The trial court erred, to the prejudice of the defendant-appellant, by failing to conduct a hearing regarding the defendant-appellant's petition for post-conviction relief.
 {¶ 12} "[3.] The trial court erred, to the prejudice of the defendant-appellant, by denying the defendant-appellant's motion for relief from judgment."
 {¶ 13} In his first assignment of error appellant argues that the trial court erred by finding that his petition for post conviction relief was time barred, and also by finding that the petition was barred by the doctrine of res judicata.
 {¶ 14} We first note that appellant failed to perfect an appeal of the trial court's judgment which denied his motion for post-conviction relief. He now assigns error to that decision. This is improper. A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal or to extend the time for perfecting an appeal from the original judgment.Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91. Therefore, appellant has waived his first assignment of error.
 {¶ 15} Even were we to consider this assignment of error, we would find it to be without merit. R.C. 2953.21(A)(1) provides:
 {¶ 16} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 17} R.C. 2953.21(A)(2) establishes the time within which such a petition must be filed. This section provides:
 {¶ 18} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 19} The trial transcript in appellant's direct appeal was filed on July 24, 2000. Therefore, appellant had 180 days, (until January 20, 2001), to file his petition for post conviction relief. Appellant did not file his petition until November 29, 2001 — more than ten months late.
 {¶ 20} Since appellant did not file his petition within the 180-day period established by R.C. 2953.21(A)(2), we must determine if the exception to this time limit established by R.C. 2953.23(A) applies. It does not.
 {¶ 21} R.C. 2953.23(A) provides:
 {¶ 22} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 23} "(1) Either of the following applies:
 {¶ 24} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 25} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 26} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 27} In the instant case, appellant contends that he was unavoidably prevented from discovering the facts supporting his petition for post conviction relief. Appellant bases his contention on the fact that his counsel on direct appeal failed to transcribe the plea hearing.[2] We hold that appellant failed to establish that he was unavoidably prevented from discovering the alleged defects in his plea hearing.
 {¶ 28} The record shows that appellant was represented by counsel at his plea hearing. Appellant's trial counsel also represented appellant on his direct appeal. Therefore, appellant and/or his trial counsel should have been aware of the factual basis for the allegations raised in the post conviction relief petition at the time of his plea hearing. See, generally, State v. Kirin, 11th Dist. No. 2001-T-0053,2002-Ohio-3150, at ¶ 11. Appellant failed to establish that he was unavoidably prevented from discovering the facts supporting his petition R.C. 2953.23(A). Thus, the trial court was without jurisdiction to consider appellant's petition and appellant's first assignment of error is without merit.[3]
 {¶ 29} Appellant argues in his second assignment of error that the trial court erred when it failed to hold a hearing on his petition for post conviction relief. We disagree.
 {¶ 30} The petitioner in a post conviction relief proceeding is not automatically entitled to a hearing. State v. Kinley (1999),136 Ohio App.3d 1, 7. R.C. 2953.21(C) provides that, "[b]efore granting a hearing on a petition filed under Division (A) of this section, the court shall determine whether there are substantive grounds for relief." The statute then lists those things the court is to consider in making this determination. R.C. 2953.21(E) provides that, "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *."
 {¶ 31} Here, the record clearly established that appellant's petition was time barred. Thus, the trial court was not required to hold a hearing on the petition. Appellant's second assignment of error is without merit.
 {¶ 32} In his third assignment of error, appellant argues that the trial court erred by failing to grant his motion for relief from judgment. We disagree.
 {¶ 33} To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must show that he has a meritorious defense or claim to present if relief is granted; that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and that the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE AutomaticElectric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus.
 {¶ 34} In the instant case appellant contends that, had relief been granted, he had a meritorious claim to present. Appellant argues that he can show that his prior counsel's failure to transcribe the plea hearing demonstrates that he was unavoidably prevented from discovering the facts to support his petition for post conviction relief. Based on our analysis of appellant's first assignment of error, this argument lacks merit.
 {¶ 35} Appellant failed to show that he had a meritorious claim to present, and thus failed to satisfy the first prong of the test set forth in GTE Automatic Electric, Inc. We need not determine whether appellant established the remaining parts of the test. Appellant's third assignment of error is without merit.
 {¶ 36} For the foregoing reasons the judgment of the Lake County Common Pleas Court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.
[1] Appellant's motion was styled "Motion for relief from Judgment Entered December 27, 2001 and/or Motion for Reconsideration." The trial court found that Ohio's Rules of Civil Procedure do not provide for a motion for reconsideration. Appellant has not assigned as error the trial court's decision on this issue.
[2] Appellant also seems to argue ineffective assistance of counsel based on his counsel's failure to raise these issues on direct appeal. Appellant did not seek post conviction relief based on ineffective assistance of counsel at the trial level. Therefore, he has waived this issue. See State v. Harmon (1995), 103 Ohio App.3d 595, 597.
[3] Since we determine that the trial court properly found appellant's petition to be time barred, we do not address appellant's argument with respect to the doctrine of res judicata. See State v. Beaver (1998),131 Ohio App.3d 458, 463.