OPINION
{¶ 1} Defendant-appellant Adolfo Rojas, aka, Alonzo Lorenzo Ortiz, appeals from a judgment of the Tuscarawas County Court of Common Pleas, denying his Civ. R. 60(B) motion for relief from judgment. Plaintiff-appellee is the State of Ohio.
 {¶ 2} Pursuant to an indictment filed June 14, 2004, appellant was charged with one count of rape of child under the age of thirteen in violation of R.C. 2907.02, a felony of the first degree. The indictment contained an allegation of force which would subject appellant to a sentence of life imprisonment pursuant to R.C. 2907.02 (B).
 {¶ 3} On November 6, 2000, appellant, who is a Guatemalan citizen, pled guilty in exchange for the deletion of the allegation of force contained in the indictment and a recommended sentence of eight years imprisonment followed by deportation. At the change of plea hearing, appellant was represented by a Spanish-speaking attorney and the court additionally provided a Spanish/English interpreter.
 {¶ 4} On January 8, 2004, appellant filed a Motion for Relief from Judgment pursuant Civ. R. 60(B). Appellant argued that based upon State v. Comer (2003), 99 Ohio St.3d 463,793 N.E.2d 473, he should have been sentenced to the minimum term of three years for a felony of the first degree because he had not previously served a prison term. Appellant further argues that the trial court failed to set forth any reason for imposing more than the maximum sentence.
 {¶ 5} On February 12, 2004, the trial court overruled appellant's motion because the sentence was the result of a plea agreement.
 {¶ 6} It is from this judgment entry appellant appeals raising the following assignment of error.
 {¶ 7} "The trial court erred to the prejudiced of defendant-appellant by failing to make the required findings to impose more than the minimum sentence upon a person serving a first prison term."
 {¶ 8} In his sole assignment of error appellant maintains that the trial court erred in overruling his motion for relief from judgment filed pursuant to Civ. R. 60(B). We disagree.
 {¶ 9} Courts have allowed the use of Civ. R. 60(B) motion in a criminal case in very limited circumstances. See, State v.Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363 at ¶ 8-9. When a trial court overrules a petition for post conviction relief pursuant to R.C. 2953.21, a defendant may seek to have the trial court revisit the matter via Civ. R. 60(B). See, State v.Brooks, 10th Dist. No. 03AP-636, 2004-Ohio-585 at ¶ 9 — 10. However, the civil rules apply because post conviction relief is a civil, not criminal, proceeding State v. Milanovich (1975),42 Ohio St.2d 46, 49, 325 N.E.2d 540 [superseded on other grounds].
 {¶ 10} In the case at bar, appellant did not file a petition for post conviction relief in the trial court. He did not, therefore, file his Civ.R. 60(B) motion in a civil case. Civ. R. 60(B) has no application to a criminal case. State v. Israfil
(Nov. 15, 1996), 2nd Dist. No. 15572.
 {¶ 11} Even if we were to consider the motion properly filed we would affirm the trial court's ruling. A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal or to extend the time for perfecting an appeal from the original judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91,689 N.E.2d 548. State ex rel. McCoy v. Coyle (1997),80 Ohio St.3d 1430, 685 N.E.2d 542; State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191, 192, 529 N.E.2d 1268. Appellant did not file an appeal from the imposition of sentence. No explanation is given for the nearly four (4) year delay in raising the issues of the length of appellant's sentence or the manner in which the sentencing hearing took place. Appellant and/or his trial counsel should have been aware of the factual basis for the allegations raised in the motion at the time of his plea hearing. See, generally, State v. Kirin, 11th Dist. No. 2001-T-0053, 2002-Ohio-3150, at ¶ 11; State v. Dwyer, 11th Dist. No. 2002-L-043, 2003-Ohio-5225 at ¶ 28. Neither appellant nor his attorney made a cotemporaneous objection to the eight (8) year sentence at the time of sentencing.
 {¶ 12} Finally, "[a] sentence jointly recommended by the defendant and the prosecution in a criminal case, and imposed by the trial judge, is not reviewable on appeal. R.C. 2953.08(D)."State v. Coleman, 10th Dist. Nos. 03AP-219, 03AP-220, 2003-Ohio-7234 at ¶ 11. The form signed by appellant and his attorney prior to changing his plea states, in relevant part,"[t]he State of Ohio has agreed to amend the indictment toeliminate the specification of force and will request impositionof eight years of incarceration, followed by deportation." (Acknowledgement of Guilty Plea, filed Nov. 15, 2000 at 4). (Emphasis in original). The judgment entry of the trial court acknowledges that a Spanish/English interpreter was retained by the court to assist appellant during the proceedings. (Judgment Entry on Change of Plea, filed Nov. 15, 2000 at 1). The entry further reflects that the State did recommend the sentence of eight (8) years. (Id.). The Judgment Entry further recites "[t]he Court further finds that the defendant offered a plea of Guilty with full understanding of the consequences of such plea and the expected sentence." (Id. at 2). Appellant did not receive the maximum sentence. As the sentence was the result of a plea agreement the trial court did not err in overruling appellant's motion. State v. Boylen, 5th Dist. Nos. 2003CA00304, 2003CA00305, 2004-Ohio-1283; State v. Amstutz (Nov. 8, 1999), 5th Dist. No. 1999 CA 00104.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and, Farmer, J., concur.