OPINION
{¶ 1} Appellant Earl McLeod appeals the denial of his postconviction motion to withdraw plea in the Tuscarawas County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 10, 2000, appellant, who is apparently not a citizen of the United States, pled guilty to an amended indictment for two counts of gross sexual imposition, felonies of the third and fourth degrees, respectively. At that time, the court conducted a plea hearing and reviewed an "Acknowledgement of Guilty Plea" document signed in open court by appellant and his trial counsel. On September 27, 2000, appellant was sentenced to twelve months on the first count (F-3) and six months on the second count (F-4). The sentences were ordered to be served consecutively. Appellant was also designated a sexually-oriented offender. No direct appeal of the conviction and sentence was taken.
 {¶ 3} On July 15, 2003, appellant, represented by counsel, filed a motion to withdraw his guilty plea. The court denied said motion on September 18, 2003.
 {¶ 4} On February 5, 2004, appellant filed a pro se motion captioned as "Motion to Vacate Conviction; Withdraw [sic] of Plea or in the Alternative for a New Trial." The court denied said motion on February 26, 2004.
 {¶ 5} Appellant filed a notice of appeal on March 8, 2004. He herein raises the following four Assignments of Error:
 {¶ 6} "I. The appellant's guilty plea was not knowingly and voluntarily [sic] because the court failed to advise him of the `Immigration Consequences' of his guilty plea as required under the Ohio revised code annotated, section 2943.031.
 {¶ 7} "II. Appellant was not provided effective assistance of counsel since he was manifested [sic] of all potential consequences of his guilty plea.
 {¶ 8} "III. The sentence imposed upon the appellant under the plea agreement constitutes a cruel, excessive and unusual punishment.
 {¶ 9} "IV. Vacating the conviction will result in no conviction to be held against the appellant for deportation purposes."
 I., II., III., IV. {¶ 10} Based on the procedural facts of this case, we need not reach the merits of appellant's chief contention that the court and trial counsel failed to properly advise him of the effect of his plea on his immigration status pursuant to R.C.2943.031. Instead, we will address the fatal procedural flaws of each of the three branches of his motion of February 5, 2004, in turn.
 Motion to Vacate Conviction {¶ 11} Appellant apparently sought to invoke a Civ.R. 60(B)-style motion regarding his original conviction. We have previously held that Civ.R. 60(B) has no application to a criminal case. See State v. Rojas, Tuscarawas App. No. 2004-AP-03-0018, 2004-Ohio-3642, ¶ 10, citing State v. Israfil
(Nov. 15, 1996), 2nd Dist. App. No. 15572. Assuming, arguendo, appellant intended to utilize his motion as a petition for postconviction relief, he was clearly outside the time frame of R.C. 2953.21(A)(2). See, e.g., State v. Fluharty, Stark App. No. 2002CA00269, 2003-Ohio-135.
 Motion to Withdraw Plea {¶ 12} Appellant, as noted above, unsuccessfully sought to withdraw his guilty plea before the trial court in 2003. We find his present appeal of the denial of his 2004 Crim.R. 32.1 motion is prohibited by the doctrine of res judicata. This scenario is on all fours with State v. Zhao, Lorain App. No. 03CA008386, 2004-Ohio-3245, ¶ 8, wherein the Ninth District Court held: "In the present case, appellant failed to perfect an appeal of his conviction. Furthermore, he failed to appeal the trial court's denial of his first motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The doctrine of res judicata bars appellant's current challenge of the court's denial of his motion to withdraw his guilty plea because the issues he raises now could have been fully litigated on direct appeal * * * or raised in his initial motion to withdraw his guilty plea pursuant to Crim.R. 32.1." See, also, State v. Suleiman, Cuyahoga App. No. 83915, 2004-Ohio-4487.
 Motion for New Trial {¶ 13} Finally, appellant's request for a new trial, more than three years after his conviction and sentence, fails to comply with the requirements of Crim.R. 33(B), which reads in pertinent part as follows:
 {¶ 14} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 15} Based on the foregoing, no portion of appellant's three-branch motion challenging his original plea was properly set forth. Accordingly, we find no error in the court's dismissal thereof. Appellant's First, Second, Third, and Fourth Assignments of Error are overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.