OPINION
{¶ 1} This is an accelerated calendar appeal, taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Joseph A. Sands, seeks the reversal of the trial court's decision that he is not entitled to be released on bail during the pendency of the underlying criminal case against him. As the primary basis for his appeal, he states that the trial court's specific factual findings were not supported by clear and convincing evidence.
 {¶ 2} In early April 2006, two detectives of the Madison Township Police Department were approached by a confidential informant who had information about an alleged plot to murder four public officials in Lake County. Specifically, the informant told one of the detectives that he had been involved in conversations in which appellant had discussed the possibility of producing certain improvised explosive devices that could be employed to incinerate the personal residences of a village mayor, municipal judge, village police chief, and city prosecutor. The informant further indicated that appellant and a second individual, Dawn Holin, had taken steps to obtain some of the materials which could be used to create the proposed "pipe bombs."
 {¶ 3} Concluding that the informant's information was credible, the detectives gave the informant a digital recording device. Throughout the following week, the informant used the device to record a number of conversations between himself and appellant. Holin was also involved in some of these discussions. In then reviewing the resulting tapes, the detectives heard appellant discuss the specific manner in which the pipe bombs would be used; i.e., each explosive device would have a "timed" wick that could be lit before it was thrown through a window of the residence. Due to the nature of the wick, the pipe bomb would not explode until the thrower had an opportunity to run from the area.
 {¶ 4} On one of the recordings made by the informant, the detectives heard appellant make plans for traveling to a specific store in central Ohio for the purpose of purchasing the timed wick. After following appellant and the informant to the store and watching the actual purchase of the wick, the detectives and certain federal officers placed appellant under arrest. During subsequent searches of appellant's residence and his automobile repair shop, the authorities were able to find certain other materials that could be used to build explosive devices, including gunpowder, pipes, and caps.
 {¶ 5} Once appellant had been taken into custody, Dawn Holin was also arrested and then interrogated by one of the Madison Township detectives. After making certain oral statements to the detective, Holin agreed to compose a written statement summarizing her knowledge of the basic plot or conspiracy. As part of this statement, Holin admitted that she had given the informant a slip of paper that contained the phone numbers of two of the public officials who were the targets of the plot. She also stated that she had been responsible for obtaining the address of the store where appellant had bought the timed wick.
 {¶ 6} Upon the completion of the federal investigation into the alleged plot, the Lake County Grand Jury returned a 14-count indictment against appellant. The counts consisted of four charges of conspiracy to commit aggravated murder, eight charges of conspiracy to commit aggravated arson, and two charges of engaging in a pattern of corrupt activity. Under each of the "aggravated murder" charges, the indictment alleged that, after planning the proposed offense with Holin, appellant had taken certain steps to commit the murder of one of the four public officials in question.
 {¶ 7} In conjunction with the service of the indictment, the state moved the trial court to deny appellant bail, pursuant to R.C. 2937.222. Once the Lake County authorities were able to obtain custody over appellant from the federal authorities, an evidentiary hearing was held on the state's motion. At the same time that the trial court went forward as to appellant, it also considered whether Holin should be denied bail during the pendency of the separate criminal action against her.
 {¶ 8} During the evidentiary hearing, the state presented the testimony of Detective Timothy Doyle of the Madison Township Police Department, who basically summarized the evidence that he and a second detective had been able to collect as part of their investigation into the conspiracy. His summary included references to the recordings made by the informant and the written statement made by Holin. In addition, the state gave a copy of Holin's statement to the trial court for consideration, even though that copy was never properly submitted into evidence. In response, appellant presented two witnesses who indicated that appellant did not have a history of violent behavior and did not pose a threat to society in general.
 {¶ 9} At the conclusion of the hearing, the trial court stated on the record that the state had presented sufficient evidence to establish the three requirements for denying bail under R.C. 2937.222. In support of its finding, the trial court expressly indicated that it was relying upon both the testimony of Detective Doyle and the copy of Holin's written statement. Based on this, the trial court also stated that it would be granting the state's motion to deny bail to appellant. Five days after the hearing, the trial court journalized its decision in a written judgment.
 {¶ 10} Pursuant to R.C. 2937.222(D), appellant immediately appealed the "bail" decision to this court. In now challenging the merits of that decision, appellant has assigned the following as error:
 {¶ 11} "[1] The Trial Court erred to the prejudice of appellant by the decision of the court that the `proof is evident or presumption is great that the accused committed the offense' was not supported by clear and convincing evidence.
 {¶ 12} "[2.] The Trial Court erred to the prejudice of appellant by the decision of the court that the `proof is evident or the presumption is great that the defendant poses a substantial risk of serious physical harm to any person or community' is not supported by clear and convincing evidence.
 {¶ 13} "[3.] The Trial Court erred to the prejudice of appellant by the decision of the court that the `proof is evident or the presumption great that no release conditions will reasonably assure the safety of that person or community' is not supported by clear and convincing evidence.
 {¶ 14} "[4.] The Trial Court erred to the prejudice of appellant by the decision of the court in that the findings of the court are not sufficient to satisfy the requirements of Rule 12 (F) of the Ohio Rules of Criminal Procedure."
 {¶ 15} Prior to addressing the merits of appellant's various arguments, this court would note that, while the instant appeal was pending before us, appellant was tried before a jury and was found guilty on five of the pending charges under the indictment. Since the subject matter of the appealed judgment pertains solely to whether appellant was entitled to be released on bail before his trial, the merits of the instant matter have technically become moot. Nevertheless, we would further note that, even though the present statutory procedure concerning the denial of pretrial bail was enacted several years ago, only one appellate court has had the opportunity to review the application of this unique procedure by a trial court. In light of the dearth of guiding legal precedent, we conclude that a full discussion of appellant's various points is still warranted in this instance.
 {¶ 16} Under each of his first three assignments of error, appellant challenges the basic findings of fact that formed the grounds for the appealed decision. Specifically, he contends that the decision to deny him any bail must be reversed because the findings of the trial court were not supported by clear and convincing evidence. Although appellant's brief has asserted these challenges to the evidence under three separate assignments of error, the brief only contains one argument as to all three points. Thus, this opinion will address the first three assignments of error in a consolidated fashion.
 {¶ 17} As a general proposition, a criminal defendant's right to bail during the pendency of a criminal proceeding is governed by Section 9, Article I of the Ohio Constitution. In January 1998, this provision was amended to provide, in pertinent part, as follows:
 {¶ 18} "All persons shall be bailable by sufficient sureties, * * * except for a person who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious harm to any person or to the community. * * *
 {¶ 19} "The General Assembly shall fix by law standards to determine whether a person who is charged with a felony where the proof is evident or the presumption great poses a substantial risk of serious physical harm to any person or to the community."
 {¶ 20} Pursuant to the express authorization set forth in the latter part of the foregoing provision, the Ohio General Assembly passed R.C.2937.222 in 1999. Subsection (A) of this statute provides that, upon the filing of a proper motion, the trial court in a criminal action must hold a hearing to determine if the defendant should be denied bail when he or she has been charged with, inter alia, a felony of the first or second degree. The subsection further delineates the specific rights that must be afforded to the defendant during that hearing. These include the right to be represented by an attorney, to present witnesses and testify in his or her own behalf, and to cross-examine any witness called by the state. As to the issue of the burden of proof in such a hearing, subsection (A) also states:
 {¶ 21} "Regardless of whether the hearing is being held on the motion of the prosecuting attorney or on the court's own motion, the state has the burden of proving that the proof is evident or the presumption great that the accused committed the offense with which the accused is charged, of proving that the accused poses a substantial risk of serious physical harm to any person or to the community, and of proving that no release conditions will reasonably assure the safety of that person or the community."
 {¶ 22} Consistent with the foregoing, R.C. 2937.222(B) indicates that a motion to deny bail should be granted only when the trial court finds by clear and convincing evidence that the state has satisfied each of the three requirements referenced in subsection (A). In addition, the statute provides that, in reviewing the parties' evidentiary submissions, the trial court is not obligated to follow the rules of evidence that would apply during an actual criminal trial.[1]
 {¶ 23} In essentially arguing that the state's evidence in this instance was insufficient to establish any of the three statutory requirements, appellant first focuses upon whether it was shown that he actually committed the charged offenses. As to this point, appellant submits that the state failed to present any evidence indicating that he was involved in a conspiracy to murder multiple public officials. Specifically, he asserts that the state only demonstrated that he had joined in a plot to assassinate one public official, the mayor of the Village of North Perry, Ohio.
 {¶ 24} Our review of Detective Doyle's testimony during the "bail" hearing confirms that, in describing appellant's statements on the digital recordings, Detective Doyle did give more emphasis to those assertions that appellant had made in regard to the village mayor. However, at the outset of his testimony, Detective Doyle expressly stated that the recordings of appellant's discussions had also contained references to the municipal judge as a target of the plot. Furthermore, Detective Doyle testified that, even before the recording of the conversations had begun, the informant had told him that appellant had indicated the desire to harm the judge and the village police chief. In addition, the detective testified that Holin had admitted in her written statement that she had given a note to the informant that referred to the phone numbers of the judge and the city prosecutor. Therefore, there was considerable evidence that showed that the conspiracy involving appellant was not limited to the proposed murder of one public official, but actually encompassed four possible victims.
 {¶ 25} As a separate point, appellant maintains that Detective Doyle's testimony should have been given minimal weight because it was predicated upon the statements of an informant who had a substantial criminal history. In relation to this assertion, we would first emphasize that the bulk of Detective Doyle's testimony was not based solely on the informant's own statements; instead, it was primarily based on the digital recordings of specific conversations the informant had with appellant. Moreover, the detective stated during his testimony that he was able to obtain other evidence that verified aspects of the informant's statements and the recordings. For example, the detective testified that he had interviewed a person who averred that he had a recent discussion with appellant on the topic of how to construct a pipe bomb. Accordingly, the state's evidence against appellant was not limited to the statements of an informant, and the informant's credibility was bolstered by the other evidence.
 {¶ 26} Although appellant has not contested the state's evidence as to the elements of the charged offenses, our review of the trial transcript readily shows that the state was able to demonstrate the existence of a conspiracy to purposely cause the death of the four public officials. First, the testimony of Detective Doyle indicated that appellant had engaged in conversations in which he planned to construct explosive devices that would be used to incinerate the homes of the public officials. Second, the evidence indicated that appellant and Holin took steps to locate the materials needed to make the devices, and then took steps to actually obtain those materials. Third, the evidence established that appellant and Holin had the materials at their home and work when the authorities arrested them. Fourth, the state showed that the conspirators, including appellant, had engaged in a "dry run" in regard to the residence of the village mayor.
 {¶ 27} In relation to the standard of clear and convincing evidence, this court has noted that the standard is "that measure of proof which is more than a preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."[2]
Pursuant to the foregoing discussion, we hold that the state submitted sufficient evidence during the evidentiary hearing for the trial court to form a firm belief that appellant had conspired to commit the offenses of aggravated murder and aggravated arson. Thus, the trial court's record in this case does support the trial court's finding that the first requirement for denying all bail under R.C. 2937.222(A) had been met.
 {¶ 28} As was noted above, under the second statutory requirement for denying bail to a criminal defendant, the state must prove that the defendant poses a substantial risk of serious physical harm to a person or the community. As to this particular requirement, appellant submits that, by the date upon which the evidentiary hearing was held on the state's motion, the village mayor who had been the target of the alleged conspiracy had already died of a separate cause. Based upon this, he argues that there was nothing before the trial court to indicate that his release would pose a substantial risk of harm to any specific person.
 {¶ 29} Regarding this point, this court would reiterate that the state presented evidence that showed that the underlying conspiracy extended beyond the mayor to three other public officials. Second, we would note that there was some evidence establishing that the informant had received certain threats following appellant's arrest. Furthermore, we would emphasize that, even if there was no evidence that appellant posed a threat to a specific person, the trial court could have predicated its decision on the conclusion that appellant posed a substantial risk of harm to the general community.
 {¶ 30} As to the latter point, it must be noted that, in making a determination regarding the second requirement for denying bail, a trial court is obligated to consider, inter alia, the weight of the evidence against the accused and the nature and circumstances of the charged offenses.[3] In the instant matter, the state was able to establish for purposes of the "bail" question that appellant had planned to incinerate the homes of public officials and cause their death; i.e., he had conspired to engage in an act of violent terrorism. Under such circumstances, the trial court could have concluded that, regardless of whether appellant posed a threat to a specific person, the fact that he had taken steps to perform such acts made him a substantial threat to the physical well-being of the community as a whole. As a result, the trial court did not err in finding that the state established the second requirement under R.C. 2937.222(A) by clear and convincing evidence.
 {¶ 31} Under the third requirement for denying bail, the state must prove that there are no release conditions that could reasonably assure the safety of an individual and the community. In contesting the trial court's finding on this point, appellant merely restates the argument that he made concerning the second requirement; i.e., he asserts that, since the village mayor had died in the interim, conditions could have been imposed on his release that could have adequately protected society. However, this court would again indicate that, even if appellant did not pose a threat to a specific person when the issue of bail was considered, the nature of the charges against him readily showed that the level of danger he posed to the general community was still extremely serious.[4] In light of this, the trial court did not err in finding that it was not possible to impose sufficient release conditions which would have reasonably assured the safety of the Lake County community.
 {¶ 32} In contesting the trial court's factual findings in this case, appellant had framed his argument in terms of sufficiency of the evidence. As a general proposition, the state will be deemed to have presented sufficient evidence when a rational trier of fact could find all required elements in accordance with the applicable burden of proof.[5] In other words, the issue of sufficiency raises a legal question concerning whether the state has submitted the minimal amount of evidence needed in regard to each element or requirement of its case.[6]
 {¶ 33} For the foregoing reasons, this court holds that the state presented sufficient evidence to establish each of the three requirements under R.C. 2937.222(A) by clear and convincing evidence. Accordingly, since the trial court did not err in rendering its findings consistent with the statute, each of appellant's first three assignments of error lacks merit.
 {¶ 34} Under his final assignment of error, appellant submits that the trial court failed to satisfy its obligation under Crim.R. 12(F) concerning the issuance of findings of fact. At the conclusion of the evidentiary hearing, the trial court stated on the record that the state's evidence supported the finding that all three requirements for denying bail had been met in this instance. In its subsequent written judgment, the trial court merely restated what it had indicated during the hearing; i.e., the court only stated its findings in regard to the three statutory requirements. Before this court, appellant now contends that the trial court's factual statement was insufficient because the trial court never made findings as to the facts of the underlying case.
 {¶ 35} Crim.R. 12(F) expressly provides that when the determination of a pretrial motion involves factual issues, the trial court "shall state its essential findings on the record." In applying this rule, the courts of this state have held that a trial court has a mandatory duty to delineate findings of fact if the defendant has made a timely request; however, the duty does not arise in the absence of a proper request.[7] Furthermore, it has been held that the failure to comply with a proper request for factual findings does not constitute prejudicial error when the record before the appellate court contains a sufficient basis for the full review of the assignments of error.[8]
 {¶ 36} In the instant case, there is no indication in the record before us that appellant ever requested the trial court to issue findings of fact in ruling upon the state's motion to deny bail. In addition, as our discussion of the first three assignments readily indicates, the record before us clearly delineated the evidence that was before the trial court when it made its determination. Therefore, since appellant's fourth assignment does not establish any error on the part of the trial court, it also lacks merit.
 {¶ 37} Pursuant to the foregoing analysis, the judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., concurs in judgment only,
COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] See R.C. 2937.222(A).
[2] (Citation omitted.) State v. Anderson (Dec. 14, 2001), 11th Dist. No. 2000-G-2316, 2001 Ohio App. LEXIS 5644, at *8.
[3] See R.C. 2937.222(C).
[4] See R.C. 2937.222(C)(4).
[5] See State v. Shepherd, 11th Dist. No. 2003-A-0028, 2006-Ohio-4315, at ¶ 19.
[6] See State v. Bush, 11th Dist. No. 2005-P-0004, 2006-Ohio-4038, at ¶ 15-16.
[7] See State v. Ross, 7th Dist. Nos. 96 CA 247 and 96 CA 251, 2003-Ohio-4889, at ¶ 4, citing State v. Brown (1992), 64 Ohio St.3d 476,481.
[8] (Citations omitted.) State v. Harris, 8th Dist. No. 85270,2005-Ohio-2192, at ¶ 18.