OPINION
{¶ 1} Defendant-appellant, Robert A. DeMarco, appeals the judgment of the Lake County Court of Common Pleas, accepting his plea of no contest to Aggravated Vehicular Homicide, Aggravated Vehicular Assault, Operating a Vehicle Under the Influence of Alcohol, and Failure to Stop After an Accident, and sentencing him to *Page 2 
twelve years in prison. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On October 28, 2006, DeMarco was driving his 1992 Mitsubishi 3000 GT southbound on State Route 44, in Concord Township, at a high rate of speed and collided with another vehicle, operated by Thomas Hartel. DeMarco continued to proceed southbound at a high rate of speed and collided with a Kia Spectra, driven by Michael Kordos and occupied by his pregnant wife, Kelly Kordos, and eighteen-month-old son, Elijah Kordos. Michael Kordos was killed as a result of the collision and Elijah Kordos suffered a fractured leg.
 {¶ 3} On December 22, 2006, DeMarco was indicted by the Lake County Grand Jury on one count of Aggravated Vehicular Homicide, a felony of the second degree in violation of R.C. 2903.06(A)(1)(a); one count of Aggravated Vehicular Homicide, a felony of the third degree in violation of R.C. 2903.06(A)(2)(a); one count of Aggravated Vehicular Assault, a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); one count of Vehicular Assault, a felony of the fourth degree in violation of R.C. 2903.08(A)(2)(b); one count of Operating a Vehicle Under the Influence of Alcohol, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); one count of Operating a Vehicle Under the Influence of Alcohol, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(f); one count of Failure to Stop After an Accident, a misdemeanor of the first degree in violation of R.C. 4549.02(A); one count of Operating a Vehicle Without Reasonable Control, a minor misdemeanor in violation of R.C. 4511.202(A); and one count of Failure to Maintain Assured Clear Distance Ahead, a minor misdemeanor in violation of R.C. 4511.21(A). *Page 3 
 {¶ 4} On February 12, 2007, DeMarco filed a Motion to Suppress Evidence, moving the court to suppress the results of a blood-alcohol test taken at Lake East Hospital on the grounds that the test was taken without warrant, was not incident to an arrest based on probable cause, and was not taken with DeMarco's consent.
 {¶ 5} On March 8, 2007, DeMarco filed a Suggestion of Incompetence to Stand Trial, asserting his incompetence under R.C. 2945.37(G) on the grounds that he has no memory of the events charged in the indictment. DeMarco's competency was subsequently evaluated by Clinical Psychologist, Jeffrey Rindsberg.
 {¶ 6} On April 30, 2007, the trial court determined DeMarco competent to stand trial following a hearing at which DeMarco and Dr. Rindsberg testified. Dr. Rindsberg concluded that DeMarco suffers from some amnesia with respect to the events of October 28, 2006, but is otherwise competent to stand trial. Based on Dr. Rindsberg's testimony, the court found DeMarco "is capable of understanding the nature and objective of these proceedings against him, and also is capable of assisting in his defense."
 {¶ 7} On June 6, 2007, the trial court denied DeMarco's Motion to Suppress Evidence following a hearing at which DeMarco, Sergeant Kevin Coleman, and Deputy Sheriff James Kailburn, both of the Lake County Sheriff's Office, testified. Sergeant Coleman and Deputy Sheriff Kailburn interacted with DeMarco following the collision with the Kordos' vehicle. They testified that DeMarco smelled of alcohol, had glassy/bloodshot eyes, was unable to balance or walk without assistance, and admitted to consuming alcohol. The court concluded the officers had "probable cause to believe that this Defendant had committed an OVI crime." *Page 4 
 {¶ 8} On June 26, 2007, DeMarco entered a Written Plea of No Contest to second degree Aggravated Vehicular Homicide, third degree Aggravated Vehicular Assault, Operating a Vehicle Under the Influence of Alcohol, and Failure to Stop After an Accident. On the States' motion, the trial court entered Nolle Prosequi on the remaining counts of the indictment.
 {¶ 9} On August 1, 2007, following a sentencing hearing, the trial court entered its Judgment Entry of Sentence. The court sentenced DeMarco to eight years of incarceration for Aggravated Vehicular Homicide, four years of incarceration for Aggravated Vehicular Assault, six months of incarceration for Operating a Vehicle Under the Influence of Alcohol, and ninety days of incarceration for Failure to Stop After an Accident. The court ordered the sentences for Aggravated Vehicular Homicide and Aggravated Vehicular Assault to be served consecutively with each other and concurrently with the other sentences. All other sentences were ordered to be served concurrently for an aggregate period of incarceration of twelve years. Additionally, the court ordered DeMarco to pay restitution in the amount of $13,461.55 to Kelly Kordos, and $420 to Gary and Judith Kordos and to pay a fine of $1,000 with respect to the Operating a Vehicle Under the Influence of Alcohol charge. DeMarco's driver's license was suspended for life. Finally, DeMarco was advised that he will be subject to a period of post release control following his release from prison.
 {¶ 10} DeMarco timely appeals and raises the following assignments of error:
 {¶ 11} "[1.] The trial court erred by failing to make a detailed written finding after the suppression hearing and before sentencing concerning the effect of the amnesia on the fairness of the trial in violation of the defendant-appellant's rights to due process, *Page 5 
effective assistance of counsel, and fair trial as guaranteed by theFifth, Sixth, and Fourteenth Amendment Rights."
 {¶ 12} "[2.] The trial court violated defendant-appellant's rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B)."
 {¶ 13} In his first assignment of error, DeMarco asserts that, when a defendant with amnesia with respect to the alleged crimes is found guilty following a trial, the trial court "should * * * make detailed written findings * * * concerning the effect of the amnesia on the fairness of the trial." DeMarco argues that, since his case did not go to trial, "the trial court was required to make a detailed written finding as to whether Mr. Demarco was in fact able to perform the functions essential to the fairness and accuracy of a criminal proceeding including the consultation with his attorney at the suppression hearing." DeMarco maintains that he was not able to assist his attorney at the suppression hearing since he "did not recall the critical exchange between him and the officers when they determined there was probable cause to arrest and subsequently draw blood."
 {¶ 14} DeMarco cites to no Ohio case or rule of law that requires a trial court to make detailed written findings following the trial of a defendant with amnesia or the hearing on such a defendant's motion to suppress. DeMarco relies upon a decision of the United States Court of Appeals for the District of Columbia, Wilson v. United States (D.C. Cir. 1968), 391 F.2d 460. In Wilson, the court held that "where the case [of an amnesic defendant] is allowed to go to trial, at its conclusion the trial judge should * * * *Page 6 
make detailed written findings * * * concerning the effect of the amnesia on the fairness of the trial." Id. at 463. No other federal circuit court, however, has adopted the District of Columbia Circuit's requirement that the trial court make a factual finding that the defendant has demonstrated his competency during the trial. UnitedStates v. Andrews (C.A.7 2006), 469 F.3d 1113, 1119.
 {¶ 15} Nor has any Ohio court adopted this part of Wilson's holding. In State v. Smith (May 27, 1986), 10th Dist. No. 85AP-1007, 1986 Ohio App. LEXIS 6961, the Tenth Appellate District cited Wilson for identifying "factors which a trial court * * * should consider in proceeding with the trial [of an amnesiac defendant] and in * * * determining whether * * * a defendant's constitutional right to a fair trial or effective assistance of counsel was violated." Id. at *8.[1]Smith did not mention the requirement of "detailed written findings" andSmith has not been cited by any subsequent Ohio appellate court decision.
 {¶ 16} In the same year that Smith was decided, the Ohio Supreme Court addressed the issue of what effect a defendant's amnesia has on his or her competency to stand trial. In State v. Brooks (1986),25 Ohio St.3d 144, the court agreed with the "[n]umerous jurisdictions" having considered the issue that "amnesia alone is not sufficient to render the accused incompetent to stand trial." Id. at 151 (citations omitted). "Although `there are no definitive judicial explanations' of what constitutes the *Page 7 
ability to assist in one's own defense, * * * it is clear that the cases without exception reject the notion that an accused possesses that ability only if he is able to remember the circumstances of the crime with which he is charged." Id. (citation omitted); State v. Mosley, 7th Dist. No. 03 MA 52, 2004-Ohio-5187, at ¶ 70 ("the Ohio Supreme Court has determined that psychogenic amnesia does not alone render a defendant incompetent"), citing Brooks, 25 Ohio St.3d at 150-151.
 {¶ 17} Since there is no authority mandating a trial court to make detailed written findings following a hearing on an amnesiac defendant's motion to suppress, the trial court did not err by failing to make such findings.
 {¶ 18} The Ohio Rules of Criminal Procedure provide that, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Crim. R. 12(F). The Ohio Supreme Court has interpreted this Rule so that "for a court to have a duty to issue findings of fact, there must be a request from the defendant." State v. Brown, 64 Ohio St.3d 476, 481, 1992-Ohio-96. "[A] trial court's failure to place o[n] record the findings of fact essential to its disposition of a motion will not provide a basis for reversal on appeal in the absence of a timely request for such findings." Id. citing State v. Benner (1988), 40 Ohio St.3d 301,317-318, and Bryan v. Knapp (1986), 21 Ohio St.3d 64, 65; Crim. R. 12(H) ("[f]ailure by the defendant to raise defenses or objections or to make requests * * * shall constitute waiver of the defenses or objections").
 {¶ 19} In the present case, DeMarco did not make any request of the trial court to make factual findings relative to either the Suggestion of Incompetence or Motion to Suppress. At the conclusion of the competency hearing, the trial court made the *Page 8 
findings essential to a determination of competency, i.e. that DeMarco is capable of understanding the nature and objective of the proceedings against him and is capable of assisting in his defense. R.C. 2945.37(G);Dusky v. United States (1960), 362 U.S. 402. Likewise, at the end of the suppression hearing the trial court made the essential finding that there was probable cause to arrest DeMarco based on the officers' observations following the fatal collision with the Kordos' vehicle. In the absence of a specific request from DeMarco, the court was under no duty to provide specific findings regarding the possible effect his amnesia had on the proceedings. State v. Sands, 11th Dist. No. 2006-L-171, 2007-Ohio-35, at ¶ 35 (the "duty to delineate findings of fact * * * does not arise in the absence of a proper request").
 {¶ 20} The first assignment of error is without merit.
 {¶ 21} In his second assignment of error, DeMarco maintains the twelve-year prison sentence he received is not consistent with the sentences of similarly situated criminals, as required by R.C. 2929.11(B).
 {¶ 22} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). In addition to being "reasonably calculated" to achieve the overriding purposes of felony sentencing, a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "[A]lthough `a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required `to make specific findings on the record' in this regard."State v. Bengal, 11th Dist. No. 2006-L-123, 2007-Ohio-2691, at ¶ 19 (citation omitted); cf. State v. Hairston,___Ohio St.3d___, *Page 9 2008-Ohio-2338, at ¶ 25 ("[a]lthough Foster eliminated judicial fact-finding, courts have not been relieved of the obligation to consider the overriding purposes of felony sentencing, the seriousness and recidivism factors, or the other relevant considerations set forth in R.C. 2929.11, 2929.12, and 2929.13").
 {¶ 23} The statutory range of prison terms for a felony of the second degree (Aggravated Vehicular Homicide) is two to eight years, and the statutory range of prison terms for a felony of the third degree (Aggravated Vehicular Assault) is one to five years. R.C. 2929.14(A)(2) and (3).
 {¶ 24} In support of his position, DeMarco cites to several cases where persons convicted under comparable circumstances have received lesser sentences. See State v. Kalish, 11th Dist. No. 2006-L-093,2007-Ohio-3850 (defendant convicted of Aggravated Vehicular Homicide with a specification for Driving Under Suspension and Driving with a Prohibited Concentration of Alcohol in Bodily Substances received an aggregate sentence of five years); State v. Filchock,166 Ohio App.3d 611, 2006-Ohio-2242 (defendant convicted of Aggravated Vehicular Homicide, Vehicular Homicide, Leaving the Scene of an Accident, Driving with a Prohibited Blood-Alcohol Content, and Driving Under the Influence of Alcohol received an aggregate sentence of six years); State v.Holmes, 159 Ohio App.3d 501, 2005-Ohio-52 (defendant convicted of two counts of Aggravated Vehicular Homicide, Aggravated Vehicular Assault, and Vehicular Assault received an aggregate sentence of six years);State v. Dwyer, 11th Dist. No. 2002-L-043, 2003-Ohio-5225 (defendant convicted of Aggravated Vehicular Homicide and Aggravated Vehicular Assault received an aggregate sentence of four years). *Page 10 
 {¶ 25} DeMarco's argument misconstrues the import of the mandate that sentences for similar crimes committed by similar offenders be consistent. Contrary to DeMarco's position, "this court has held that sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses." State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, at ¶ 110 (citation omitted). "Rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency in sentencing. * * * Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory factors and guidelines." Id. (citation omitted); State v. Price, 11th Dist. No. 2007-G-2785, 2008-Ohio-1134, at ¶ 33 (citation omitted).
 {¶ 26} The record before us demonstrates that, in sentencing DeMarco, the trial court properly considered the relevant statutory factors and guidelines. The court reviewed the purposes of felony sentencing and the information available to it, including the presentence investigation report, DeMarco's psychological and substance abuse evaluation, the recommendation of the Lake County Adult Probation Department, and statements from the victims and from DeMarco. The court considered the following seriousness/recidivism factors: the psychological and physical harm suffered by the victims; DeMarco's blood-alcohol content was .19, twice the legal limit; DeMarco resisted the efforts of friends who tried to prevent him from driving that night; DeMarco continued driving after colliding with Hartel's vehicle; DeMarco has a prior conviction for Operating a Vehicle Under the Influence; DeMarco has major depressive disorder and *Page 11 
uses alcohol to deal with stressors in his life; DeMarco showed genuine remorse; and DeMarco had led a law-abiding life for ten years prior to the present convictions.
 {¶ 27} Since DeMarco's sentence falls within the prescribed range of sentences for the crimes of which he was convicted and was imposed after due consideration of the purposes of felony sentencing and the relevant seriousness and recidivism factors, the trial court satisfied its duty to sentence DeMarco consistently with similarly situated offenders.
 {¶ 28} The second assignment of error is without merit.
 {¶ 29} For the foregoing reasons, DeMarco's convictions for Aggravated Vehicular Homicide, Aggravated Vehicular Assault, Operating a Vehicle Under the Influence of Alcohol, and Failure to Stop After an Accident, and aggregate sentence of twelve years are affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] These factors include: "(1) the extent to which the amnesia affected appellant's ability to consult with and to assist his attorney; (2) the extent that the amnesia affected appellant's ability to testify; (3) the extent that evidence could be extrinsically reconstructed for appellant's defense; (4) the extent that the government assists appellant and his counsel in the reconstruction; (5) the strength of the state's case with special consideration to whether it excludes reasonable hypotheses of innocence, and consideration of whether there was a substantial possibility that the accused could establish a defense but for the amnesia (and, if so, it should be presumed that he could do so); and, finally, (6) any other facts or circumstances relating to whether appellant had a fair trial." Smith, 1986 Ohio App. LEXIS 6961, at *9; cf Wilson, 391 F.2d at 463-464. *Page 1