ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} Appellant Gerald Johnson appeals the trial court's denial of his motion to suppress. On appeal he assigns the following error for our review:
 {¶ 2} "I. The trial court erred when it failed to grant appellant's motion to suppress evidence."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 4} On August 7, 2003, the Cuyahoga Grand Jury indicted Gerald Johnson for one count of receiving stolen property, the property being a motor vehicle; one count of possession of one-tofive grams of crack cocaine; and, one count of preparation of drugs for sale. Johnson filed a motion to suppress the cocaine found in his pockets; on December 15, 2003, the trial court conducted a hearing.
 {¶ 5} At the hearing, Cleveland Police Officer Mark Peoples testified he was assigned to the police department's Auto Theft Unit. Peoples stated this unit is responsible for the bait car program and the investigation of stolen vehicles and chop shops. He described the use of bait cars in apprehending car thieves, stating the department uses vehicles equipped with global paging systems, pagers, and internet connections. When a bait vehicle is moved from a location, auto theft detectives are notified by pager, and the movement of the vehicle is monitored from the computer.
 {¶ 6} According to Peoples, on January 25, 2003, the police department had deployed bait cars in various locations around the city. At approximately 4:45 p.m., the department was notified via a pager that someone had entered one of the vehicles located at 85th Street and Hough Avenue in Cleveland, Ohio. Peoples then received a radio broadcast from his lieutenant that the subject vehicle was moving in a southeast direction and then eventually stopped in front of a house. Peoples arrived at the location within two minutes of the broadcast.
 {¶ 7} Four detectives in an undercover car, who were in closer proximity than Peoples, responded to the location to set up surveillance. As they approached, they saw two males emerge from the back of the house and enter the subject vehicle; one got in the driver's seat and the other in the passenger seat. The undercover detectives conveyed to Peoples over the radio, a physical and clothing description of the two males.
 {¶ 8} When Peoples arrived at the location, the undercover detectives informed him the male who had entered the driver's side of the vehicle was riding away on a bicycle, and the male who had entered the passenger side had returned to the backyard.
 {¶ 9} Peoples located the individual who matched the description in the backyard and placed him under arrest for grand theft of a motor vehicle. Upon searching the individual, who was later identified as Gerald Johnson, Peoples recovered eight rocks of crack cocaine.
 {¶ 10} At the conclusion of the hearing, the trial court denied Johnson's motion to suppress. Thereafter, Johnson pled no contest to the indictment; the trial court found him guilty of all three charges. On January 20, 2004, the trial court sentenced Johnson to two years probation. Johnson now appeals.
 {¶ 11} In his sole assigned error, Johnson argues the trial court erred in denying his motion to suppress. We disagree.
 {¶ 12} Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence.[1] The trial court is the trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.[2] Once we accept the facts as true, we must as a matter of law, independently determine whether the facts meet the appropriate legal standard.[3]
 {¶ 13} The right of police officers to search a suspect incident to a lawful arrest has been a long recognized exception to the warrant requirement of the Fourth Amendment.[4] A warrantless arrest is valid if the arresting officer had probable cause to make the arrest.[5] The officer had probable cause for the arrest if all the facts and circumstances within the officer's knowledge were sufficient to cause a prudent person to believe that the individual had committed or was committing an offense.[6]
 {¶ 14} At the suppression hearing, the state presented the testimony of Detective Peoples concerning the circumstances surrounding the search of Johnson. First, the global positioning system notified the auto theft unit that the bait car was violated. The computer system immediately began tracking the movement of the vehicle while the undercover detectives and Peoples contemporaneously approached the vicinity. Second, the undercover detectives set up surveillance at the location where the bait car was driven. The undercover detectives observed two males enter the vehicle and, thereafter, they gave Peoples a description of the males. Third, based on the descriptions of the individuals, Peoples was able to identify the suspect who was still in the vicinity of the subject vehicle. In looking at the totality of the circumstances, we conclude probable cause was established to arrest Johnson, especially in light of the auto theft unit's quick response by virtue of the technology installed in the bait car.
 {¶ 15} Johnson challenges the legality of the stop because it was based on a radio broadcast. We find this argument lacks merit. Personal knowledge of the stopping officer is not necessary where that officer relies on collective knowledge gleaned from other valid sources.[7] Further, a police officer need not always have knowledge of the specific facts justifying a stop and may rely, therefore, upon a police dispatch or flyer.[8] This principle is rooted in the notion that effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and that officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information.[9] Here, Peoples relied on information conveyed as it was being perceived by the undercover detectives. Thus, the radio broadcast provided sufficient and valid information, which when considered collectively, provided a rational basis for the stop.
 {¶ 16} We now turn to whether the trial court properly determined whether the crack cocaine, which was discovered during a search incident to Johnson's arrest, was admissible. As to the scope of that search, the police may conduct a full search of an arrestee's person, and such search is not limited to the discovery of weapons, but may include evidence of a crime as well.[10] The Ohio Supreme Court has followed United States Supreme Court's decisions in Gustafson v. Florida and UnitedStates v. Robinson.[11]
 {¶ 17} In both Gustafson and Robinson, the defendant had been placed under arrest for a traffic violation and searched at the scene. The Robinson court concluded that: "Having in the course of a lawful search come upon the crumbled package of cigarettes, [the officer] was entitled to inspect it; and when his inspection revealed the heroin capsules, he was entitled to seize them as `fruits, instrumentalities, or contraband' probative of criminal conduct."[12] The heroin was admitted into evidence at the defendant's trial and resulted in his conviction. Similarly, in Gustafson, the Supreme Court held that the search of Gustafson's person, including the opening of a cigarette box pulled from his coat pocket, was a permissible search incident to a lawful arrest and affirmed Gustafson's conviction for possession of marijuana.[13]
 {¶ 18} Thus, People's search of Johnson's pockets was permissible as a search incident to arrest.[14] Further, routine police department procedures require that officers conduct a body search of the arrestee's person, including the search of pockets, prior to transporting that individual in a police car.
 {¶ 19} In sum, pursuant to Johnson's lawful arrest for grand theft of a motor vehicle, Peoples's search of Johnson's person, including his pockets, was a permissible search incident to an arrest. Therefore, the trial court did not err when it denied Johnson's motion to suppress. Accordingly, we overrule this assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concur;
 Karpinski, J., Dissents. (see attached Dissenting Opinion.)
[1] See State v. Winand (1996), 116 Ohio App.3d 286, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604.
[2] State v. Hopfer (1996), 112 Ohio App.3d 521.
[3] State v. Lloyd (1998), 126 Ohio App.3d 95; State v.Claytor (1993), 85 Ohio App.3d 623, 627.
[4] See Chimel v. California (1969), 395 U.S. 752,89 S.Ct. 2034, 23 L.Ed.2d 685.
[5] Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225,13 L.Ed.2d 142, 145; State v. Heston (1972), 29 Ohio St.2d 152,155.
[6] Id.
[7] See State v. Thompson (Aug. 27, 1986), Wayne App. No. 2161.
[8] United States v. Hensley (1985), 469 U.S. 221, 231,105 S.Ct. 675, 681, 83 L.Ed.2d 604, 613.
[9] Id. at 231, 105 S.Ct. at 682, 83 L. Ed.2d at 614, quotingUnited States v. Robinson (C.A.9, 1976), 536 F.2d 1298, 1299.
[10] Gustafson v. Florida (1973), 414 U.S. 260, 94 S.Ct. 488,38 L.Ed.2d 456; United States v. Robinson (1973), 414 U.S. 218,94 S.Ct. 467, 38 L.Ed.2d 427.
[11] See State v. Ferman (1979), 58 Ohio St.2d 216.
[12] 414 U.S. at 236, 94 S.Ct. at 477, 38 L.Ed.2d at 441.
[13] Gustafson, 414 U.S. at 266, 94 S.Ct. at 492,38 L.Ed.2d at 461-462.
[14] See Gustafson, supra; Robinson, supra.
 DISSENTING OPINION