JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Lawrence Harris ("defendant") appeals from a judgment of the Court of Common Pleas denying his motion to suppress. Defendant was found guilty of possession of cocaine, in violation of R.C. 2925.11. For the following reasons, we affirm the decision of the trial court.
 {¶ 3} The record presented to us on appeal reveals the following: On January 27, 2004, two Cleveland police officers observed the defendant hanging around outside a closed deli located at East 131st and Marston with a group of males. This is a high-crime area and the officers were patrolling the area.
 {¶ 4} On the fourth drive by, the officers noticed that the group of males had moved down the street and were standing in front of a house located at 12828 Marston. This house was known to the police as an area of drug and prostitution activities. The officers stopped their patrol car and asked the men if any of them lived at the house. When no one responded, the officers exited their vehicle and decided to investigate further in case the men were trespassing. All of the men ran away except for the defendant and another man who was working under the hood of a parked car in the driveway. Both men stated that they did not live at the address and then the man working on the car ran inside the house.
 {¶ 5} The officers detained defendant to determine if he was trespassing on the property and learned that defendant had a warrant for his arrest. The officers arrested defendant on the warrant and searched him for weapons. They did not find any weapons, but did find a substance later determined to be crack cocaine.
 {¶ 6} On February 26, 2004, defendant was indicted for one count of possession of drugs.
 {¶ 7} On May 3, 2004, defendant filed a motion to suppress the crack cocaine found on his person, arguing lack of reasonable suspicion for the initial stop and lack of probable cause for the ensuing search of his person.
 {¶ 8} A suppression hearing was held on August 2, 2004. During the hearing, Officer Carlos Roobles testified that he stopped defendant because he was hanging around in front of a house known for drug activity on a cold winter night. Officer Roobles testified that he detained defendant to determine if he was trespassing after the defendant stated that he did not live at the house. On cross-examination, Officer Roobles admitted that the owner of the property came out and stated that defendant was lawfully on his property. However, Officer Roobles stated that the owner did not come out until after the warrant on the defendant was discovered. At the close of the hearing, the trial court denied defendant's motion to suppress and denied defendant's request for factual findings pursuant to Crim.R. 12. Defendant then entered a no-contest plea to the indictment and was sentenced to a prison term of six months.
 {¶ 9} Defendant timely appealed and raises two assignments of error for our review.
 {¶ 10} "I. The trial court erred when it denied appellant's motion to suppress evidence on the basis that the police was justified in making an investigative stop, and perform a pat-down search of the appellant."
 {¶ 11} In this first assignment of error, we must determine whether the Cleveland Police had a reasonable suspicion to stop and detain the defendant and perform a search of his person.
 {¶ 12} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi
(1997), 122 Ohio App.3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 13} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347. An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968),392 U.S. 1. Thus, a law enforcement officer may properly stop an individual under the Terry stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts.Delaware v. Prouse (1979), 440 U.S. 648, 653; State v. Gedeon (1992),81 Ohio App.3d 617, 618; State v. Heinrichs (1988),46 Ohio App.3d 63.
 {¶ 14} Here, the evidence presented demonstrates that the area in question is known for its drug activity. Indeed, Officer Roobles testified that drugs and prostitution were known to occur at this exact location. As Officer Roobles approached the men, all but two of them fled. When Officer Roobles engaged the men in conversation to determine their identity and reasons for being there, defendant told Officer Roobles that he did not live there. Viewed in their totality, we believe that these facts and circumstances were sufficient to create a reasonable suspicion of criminal activity sufficient to justify a brief investigative stop and seizure of defendant by Officer Roobles. The events which transpired during this Terry stop, i.e., the discovery that defendant had a warrant for his arrest, clearly provided probable cause for defendant's arrest. See State v. Davis, Lorain App. No. 03CA008228, 2003-Ohio-5900; State v. Williams (Dec. 13, 1996), Montgomery App. No. 15682.
 {¶ 15} Having determined that the stop was reasonable, we also determine that a full search was justified because Officer Rooble had probable cause to arrest defendant under the outstanding warrant. This Court has previously determined that the police may conduct a full search of an arrestee's person, and such search is not limited to the discovery of weapons, but may include evidence of a crime as well. See State v.Johnson, Cuyahoga App. No. 84282, 2005-Ohio-98. Accordingly, Officer Roobles's search of defendant's pockets was permissible as a search incident to arrest. Id. Furthermore, routine police department procedures require that officers conduct a body search of the arrestee's person, including the search of pockets, prior to transporting that individual in a police car. Id.
 {¶ 16} The first assignment of error is overruled.
 {¶ 17} "II. The trial court erred abused [sic] its discretion when it failed to make specific findings as required by Criminal Rule 12(F) as to the denial of the appellant's motion to suppress."
 {¶ 18} In his second assignment of error, defendant argues that the trial court erred by failing to state its factual findings on the record, after he had requested findings pursuant to Crim.R. 12(F). Crim.R. 12(F) provides in part that "where factual issues are involved in determining a motion, the court shall state its essential findings on the record."
This Court has previously held that a defendant is not prejudiced by a trial court's failure to comply with a defendant's request for findings of fact on the court's suppression ruling where the record provides an appellate court with a sufficient basis to review a defendant's assignments of error. See State v. King (1999), 136 Ohio App.3d 377,381; State v. Almalik (1987), 41 Ohio App.3d 101; State v. Fannin,
Cuyahoga App. No. 79991, 2002-Ohio-6312; City of Parma v. Reschke (Feb. 14, 1991), Cuyahoga App. No. 58015; Geraci v. Maddalena (Oct. 25, 1984), Cuyahoga App. No. 47964.
 {¶ 19} Here, the transcript of the suppression hearing provides us with a sufficient basis to review defendant's assignments of error and, in particular, the correctness of the court's suppression ruling. Accordingly, the defendant was not prejudiced by the trial court's failure to issue findings of fact and we are able to address defendant's claim on its merits.
 {¶ 20} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Calabrese, Jr., J., Concur.