[Cite as *State v. Atkinson*, 2011-Ohio-5918.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95602**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LASHAWN ATKINSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527333

**BEFORE:** Sweeney, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 17, 2011

**ATTORNEY FOR APPELLANT**

James R. Willis, Esq.
323 W. Lakeside Avenue, N.W.
420 Lakeside Place
Cleveland, Ohio 44113-1009

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Marc D. Bullard, Esq.
Assistant County Prosecutor
Ninth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1}  Defendant-Appellant Lashawn Atkinson ("defendant") appeals the denial of his suppression motion and his conviction for cultivating marijuana in violation of R.C. 2925.04.  For the reasons that follow, we affirm in part, reverse in part and remand.

{¶ 2}  Defendant was indicted in CR-527332, along with co-defendants, DeAngelo Freeman and Deondray Creighton.

{¶ 3}  In that case, defendant was charged with multiple counts of drug trafficking, illegal cultivation of marijuana, drug possession, having weapons while under disability, carrying a concealed weapon and possessing criminal tools.  The jury found

defendant guilty of cultivating marijuana, drug possession, and having a weapon while under disability.

**{¶ 4}** In CR-527333, defendant was charged with having a weapon while under disability and carrying a concealed weapon. He was found guilty on both counts.

**{¶ 5}** With respect to his convictions, defendant only challenges the cultivating marijuana conviction, asserting that it was based on insufficient evidence. Otherwise, defendant's appeal is focused on the trial court's denial of his motion to suppress evidence. We note that defendant also alleges the denial of due process relative to monies seized from him; however, the record reflects that this property was returned to him, rendering the fourth assignment of error moot.[1]

**{¶ 6}** In February of 2008, defendant was arrested along with Freeman and Creighton as a consequence of a drug operation police organized through the use of an informant. The substantive facts are contained in this Court's opinion in *State v. Freeman*, Cuyahoga App. No. 95608, 2011 -Ohio- 5651 and are incorporated here by reference in the interest of judicial economy. Accordingly, our discussion of the facts will be limited to those pertinent to the resolution of defendant's assigned errors.

---

[1]To the extent that defendant seeks an advisory opinion from this Court examining what pretrial procedures should govern the retention of property seized in pending criminal matters, we are unable to do so based on this record and would in any event decline to render one.

{¶ 7}   Defendant filed a motion to suppress evidence seized from his person and automobile.[2]   At the suppression hearing, the state presented the testimony of three police officers, Joseph Zickes, T.J. O'Connor, and Miguel Caraballo.   Defendant also testified along with co-defendant Deondray Creighton.

{¶ 8}   All three officers testified that they were in the same undercover vehicle on February 28, 2008.   The officers were engaged in a controlled purchase using a confidential informant and were conducting surveillance of a residence on East 89th Street.   They observed a black Cadillac Escalade parked in front of the target residence. The informant had indicated that the person who drove the Cadillac had some involvement with the residence.   The officers saw a man exit the house, enter the Cadillac and drive northbound on East 89th Street.   The officers followed in their undercover vehicle, intending to stop the Cadillac if they observed a traffic infraction. All three officers indicated that the Cadillac committed a traffic violation by rolling through a stop sign; which some described as failing to make a complete stop.   Although there appeared to be some confusion in Det. O'Connor's testimony as to where the traffic violation occurred, the officers otherwise consistently testified that the traffic violation occurred at the intersection of Ansel Road and Martin Luther King Boulevard.   Det. O'Connor testified that he was not familiar with the street names. The testimony is also

---

[2] Although Creighton and Freeman also filed suppression motions, the motions pertained to evidence seized from inside of a residence.

unclear as to when these officers radioed for assistance from a marked police vehicle, but it was their unmarked car that initiated the stop. All three officers identified defendant as the driver of the Cadillac.

{¶ 9} Sergeant Caraballo asked defendant for his license, registration, and proof of insurance. Defendant did not have a license and was therefore arrested for driving under suspension. When conducting a pat-down search, the officers found a gun in defendant's boot. Specifically, Det. Zickes testified that he and Detective Lavano conducted the pat-down search. Det. Zickes found a .22 caliber revolver in defendant's left boot.

{¶ 10} Defendant, in addition to being arrested, was issued a citation, by other responding officers, for failing to stop at the stop sign and driving under suspension. During an inventory search of the vehicle, police found additional money and Viagra pills. Officers testified that frequently Viagra and Ecstasy are used in combination.

{¶ 11} Defendant denied committing any traffic violations that evening. He acknowledged his record of multiple felony convictions. According to defendant, he had been released from prison a month prior to this incident. Defendant admitted he was driving under suspension, however, insisted that he did not commit a traffic violation. He admitted he was in the target residence but claimed he remained in the living room, unaware of the drugs being cultivated on the second floor. According to defendant, he was visiting co-defendant Freeman and had been watching a basketball game until he left

to pick up his girlfriend. The Cadillac he was driving allegedly belonged to his girlfriend. Tape recorded conversations reflected that occupants of the target residence were concerned about "Mackey" being stopped on Martin Luther King Boulevard by police that posed some delay in the informant's attempts to make the controlled purchase. Defendant denied using that alias but indicated they could have been referring to him.

{¶ 12} When asked if he knew police were following him, defendant said "somewhat" and indicated that "some out of place people were behind" him. Defendant denied running the stop sign at the intersection of Ansel and Martin Luther King Boulevard. He also denied having the gun that police said they found in his boot.

{¶ 13} The trial court indicated on the record that it believed the testimony of the police officers over defendant's testimony. Defendant's motion to suppress was denied. Defendant's assignments of error are addressed below.

{¶ 14} "Assignment of Error I: The court erred and due process was violated when the court denied the motion to suppress and for the return of illegally seized property."

{¶ 15} "Assignment of Error II: The defendant was denied due process when the trial court, although specifically requested to comply with Rule 12(F), Ohio Rules of Criminal Procedure [sic], failed to articulate its essential findings on the record."

{¶ 16} Appellate courts should give great deference to the judgment of the trier of fact. *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911; *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640. Accordingly, we are bound

to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Armstrong* (1995), 103 Ohio App.3d 416, 420, 659 N.E.2d 844; *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. However, the reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906.

{¶ 17} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. An investigative stop, or *Terry* stop, is a common exception to the Fourth Amendment warrant requirement. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Under the *Terry* stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. *Delaware v. Prouse* (1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660; *State v. Gedeon* (1992), 81 Ohio App.3d 617, 618, 611 N.E.2d 972; *State v. Heinrichs* (1988), 46 Ohio App.3d 63, 545 N.E.2d 1304.

{¶ 18} When "an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officers underlying subjective intent or motivation for stopping the vehicle in question." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11–12,

1996-Ohio-431, 665 N.E.2d 1091; *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204 ¶23; *State v. Fears*, Cuyahoga App. No. 94997, 2011-Ohio-930. Therefore, it is irrelevant that the officers wanted to stop the defendant's vehicle all along, the only relevant inquiry is whether they had an objective basis to do so when they observed defendant commit a traffic violation. Id.; see, *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89.

{¶ 19} In this assignment of error, defendant maintains that the trial court erred because it found the testimony of the three police officers more credible than that of the defendant. Defendant suggests that the trial court did so based simply on the fact that the witnesses were police officers and because defendant had a criminal record, which is not correct. In fact, the trial court expressly rejected that notion and said, "That's not what I said."

{¶ 20} At the suppression hearing, all three officers clearly said they witnessed defendant roll through the stop sign at the Martin Luther King Boulevard intersection. Some officers believed that defendant had stopped at other stop signs while the third officer could not recall. The fact that the evidence is confused as to the precise street name where the violation took place does not outweigh the consistent testimony that the violation was observed at the location of Martin Luther King Boulevard. After the officers initiated the stop, they learned that defendant was driving without a license, a fact

he freely admits. Upon his arrest for this offense, police conducted a pat-down search and found a gun in defendant's boot as well as large amounts of money and Viagra pills.

{¶ 21} Not only did defendant deny committing a traffic violation (beyond driving without a valid license), but he also denied possessing the gun that was found in his boot. Also, defendant did not say he knew the police were following him. Instead, his actual testimony was that he was "somewhat" aware "some out of place people were behind [him]." The trial court's determination that the officer's properly initiated a traffic stop is supported by competent, credible evidence and was therefore not error.

{¶ 22} Additionally, defendant complains that the trial court committed reversible error based on his belief it did not comply with Crim.R. 12(F), which states that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, the failure to do so will not prejudice a defendant "where the record provides an appellate court with a sufficient basis to review a defendant's assignments of error." *State v. Harris*, Cuyahoga App. No. 85270, 2005-Ohio-2192, ¶18.

{¶ 23} Crim.R. 12(F) mandates that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." This rule does not imbue a defendant with the power to force a trial court to issue separate factual findings when ruling on a motion to suppress if the court's reasoning is set forth in the record and the record as a whole provides an appellate court with sufficient basis for

review. *State v. Moore*, Cuyahoga App. No. 92829, 2010-Ohio-3305,¶17, citing, *State v. Ogletree*, Cuyahoga App. No. 86285, 2006-Ohio-448, ¶15; *State v. Harris*, Cuyahoga App. No. 85270, 2005-Ohio-2192, ¶18; *State v. King* (1999), 136 Ohio App.3d 377, 381, 736 N.E.2d 921.

{¶ 24} The issue raised by defendant in his suppression motion and on appeal focused upon whether the facts supported the police officer's stated reason for initiating the traffic stop. The trial court clearly stated on the record its factual findings with regard to this issue, namely that it believed the officers' testimony. Accordingly, the court's reasoning is set forth in the record and the record as a whole provides us with sufficient basis for review. The first and second assignments of error are overruled.

{¶ 25} "Assignment of Error III: Where new facts bearing on the Fourth Amendment issues come to light during a jury trial, the judge must consider, anew, the suppression issue. The court's refusal to do so is indefensible, therefore it follows that the judge denied due process when, for reasons that are indefensible, she refused to do so."

{¶ 26} Defendant complains that the trial judge who presided over his trial, who was different than the trial judge who had presided over his motion to suppress hearing, erred by not revisiting the suppression issue based on "new evidence." However, defendant has failed to identify any new evidence that he claims should have been considered that would impact or alter the factual basis of the trial court's determination

that the traffic stop of defendant's vehicle was valid. Instead, defendant requested the new judge to revisit the suppression issue based on his belief that the prior judge had improperly credited the testimony of certain witnesses at the suppression hearing because they were police officers. This can be gleaned from defendant's statement that the new judge "would have easily gleaned a different perspective from the Record of the Suppression Hearing, or if she had also read the conclusory opinion rendered * * * in light of [defendant's] written exceptions." However, it was not the province of that trial court judge to revisit the suppression issue heard, and ruled upon, by another trial court judge in this case. The issues that defendant sought to have the new judge "revisit" were the proper subject of appellate review and have been presented on appeal. Accordingly, this assignment of error lacks merit and is overruled.

{¶ 27} "Assignment of Error V: The verdict finding the defendant guilty of illegal cultivation of marijuana (R.C. 2925.04) and possession of marijuana (R.C. 2925.11) is not supported by the required finding of proof beyond a reasonable doubt."

{¶ 28} Defendant maintains that his convictions for cultivation of marijuana and possession of marijuana were based on insufficient evidence.

{¶ 29} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶ 30} In opposition to this assigned error, the state argues that there is sufficient evidence to prove that defendant was complicit in the subject crimes. The trial court provided the jury with a complicity instruction and advised that, among other provisions, "[a]n accomplice must perform some act to facilitate the commission of the principal offense. Any encouragement, assistance, counseling, or command is sufficient." The court also instructed that "a person's mere association with a principal offender is not enough to sustain a conviction based on aiding and abetting. There must be some level of active participation by way of providing assistance or encouragement."

{¶ 31} The state relies also on evidence that police found defendant in possession of Viagra pills at the scene of his traffic stop, that a gas bill in defendant's name was found during a search of Freeman's residence, and the fact that Freeman expressed concern about defendant's arrest following the traffic stop. Construing this evidence in a light most favorable to the state, it does not provide sufficient evidence that defendant was complicit in the cultivation and possession of marijuana found in Freeman's residence. This assignment of error is sustained.

Judgment affirmed in part and reversed in part and remanded.

It is ordered that appellee and appellant split the costs of this appeal.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR