[Cite as *State v. Johnson*, 2017-Ohio-8340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No. WM-17-004

        Appellee                              Trial Court No. TRD 1700106

v.

Gregory E. Johnson                      **DECISION AND JUDGMENT**

        Appellant                             Decided:  October 27, 2017

* * * * *

Rhonda L. Fisher, Bryan City Attorney, for appellee.

Paul H. Duggan, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Gregory Johnson, appeals the judgment of the Bryan Municipal Court, finding him guilty of operating his motor vehicle in excess of the speed limit following a trial to the bench and ordering appellant to pay a fine of $45 plus court costs. We affirm.

## A. Facts and Procedural Background

{¶ 2} On January 6, 2017, Ohio State Highway Patrol Trooper Allison Kindler observed appellant operating his Ford pickup truck on State Route 15 in the city of Bryan, Ohio. According to Kindler's radar, appellant was traveling at a speed of 67 m.p.h. at the time. The posted speed limit along State Route 15 is 55 m.p.h. Kindler proceeded to initiate a traffic stop and appellant was cited for operating his motor vehicle in excess of the speed limit in violation of R.C. 4511.21(D)(1), a minor misdemeanor.

{¶ 3} Following pretrial proceedings, a trial before the bench was scheduled to occur on March 2, 2017. On February 16, 2017, appellant's counsel sought a continuance of the trial by filing a "motion to continue and convert trial to pretrial," due to a conflict with another matter pending before the Williams County Court of Common Pleas. Although the trial court had previously granted continuances in this case (one continuance requested by the state and one continuance requested by appellant), the court denied this motion on February 27, 2017. Two days later, appellant's counsel filed a "second motion to continue and convert trial to pretrial," once again asserting the scheduling conflict as the basis for the motion. This time, appellant's counsel provided more detail as to the nature of the scheduling conflict, stating:

> [T]he undersigned is scheduled to participate in a pretrial in *State v. Buchs*. This is a twenty-five count indictment including felonies of the first and second degree. The case at bar is a minor misdemeanor. * * * An

assistant attorney from the Ohio Attorney General's Office, L.M. Powers, is traveling from Cleveland for this pretrial.

On March 1, 2017, the trial court denied the second request for a continuance.

{¶ 4} The next day, appellant appeared before the court for trial without counsel. The state called Trooper Kindler as its only witness.[1] She testified that she measured appellant's speed at 67 m.p.h. with her radar, which she indicated had been recently calibrated according to the device's requirements. Kindler testified that the radar's speed reading was consistent with her visual estimation of appellant's speed.

{¶ 5} At the conclusion of the trial, appellant was found guilty of operating his vehicle in excess of the speed limit, and the trial court ordered appellant to pay a $45 fine and court costs of $167.40. Appellant then entered a timely notice of appeal.

## B. Assignment of Error

{¶ 6} On appeal, appellant assigns the following error for our review:

Assignment of Error I: The trial court erred to the prejudice of defendant/appellant and abused its discretion in denying the motion of defendant/appellant to continue the bench trial.

## II. Analysis

{¶ 7} In appellant's sole assignment of error, he asserts that the trial court arbitrarily denied his motion to continue the bench trial. In response, the state contends that the trial court did not abuse its discretion in denying the motion for continuance

---

[1] Appellant did not call any witnesses or present any evidence.

3.

where the court had previously granted several continuances. Moreover, the state notes that the trial court rescheduled the trial date three times prior to the filing of the motion for continuance, and the state highlights the fact that appellant, in his motion, sought to reschedule the case for another pretrial rather than set a new date for trial.

{¶ 8} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *State v. Bayless*, 48 Ohio St.2d 73, 101, 357 N.E.2d 1035 (1976). An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar* at 589. In assessing whether the trial court abused its discretion in denying appellant's request for a continuance, we consider: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether appellant contributed to the circumstance which gives rise to the

4.

request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *Unger* at 67-68.

{¶ 10} Applying these factors to the case sub judice, we find that the trial court's denial of appellant's motion for continuance was not unreasonable, arbitrary, or unconscionable. Appellant's motion requests that the court "convert the trial to a pretrial and reschedule the pretrial * * * to a later date." While it is unclear how long appellant was seeking to delay the bench trial, the requested reversion of the case back to pretrial status would likely have generated a considerable delay. Moreover, the trial court had already granted a continuance in this minor misdemeanor case upon appellant's request. We refuse to find that trial counsel's scheduling conflict, standing alone, was a sufficient reason to force the trial court to grant the motion for continuance, especially where the matter had already been delayed upon appellant's request.

{¶ 11} Alternatively, appellant contends that the trial court ran afoul of Crim.R. 12(F) when it failed to state its essential findings on the record as to why it denied the motion for continuance.

{¶ 12} Crim.R. 12(F) states, in relevant part: "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Courts have held that the failure to comply with a request for factual findings under Crim.R. 12(F) does not constitute prejudicial error when the record before the appellate court contains a sufficient basis for the full review of the assignments of error. *State v. Sands*,

11th Dist. Lake No. 2006-L-171, 2007-Ohio-35, ¶ 35, citing *State v. Harris*, 8th Dist. Cuyahoga No. 85270, 2005-Ohio-2192, ¶ 18.

{¶ 13} In this case, the record contains sufficient information to allow us to review the trial court's denial of appellant's request for a continuance. Therefore, we find no merit to appellant's argument under Crim.R. 12(F).

{¶ 14} Finally, appellant contends that the trial court deprived him of his right to counsel under the Sixth Amendment to the United States Constitution when it forced him to proceed pro se during the bench trial. We reject this argument outright, because appellant was not entitled to counsel as this case involved a minor misdemeanor speeding offense for which jail time could not be imposed. *State v. Williams*, 2d Dist. Greene No. 2011CA18, 2012-Ohio-725, ¶ 14, citing *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), and *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501 (1989).

{¶ 15} Having concluded that the trial court did not abuse its discretion in denying appellant's motion for continuance, we find appellant's sole assignment of error not well-taken.

### III. Conclusion

{¶ 16} In light of the foregoing, the judgment of the Bryan Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE